IN THE SUPREME COURT OF THE STATE OF DELAWARE

JONATHAN M. WONNUM,     §
                              §   No. 164, 2022
    Defendant Below,     §
    Appellant,            §
                              §   Court Below–Superior Court
    v.                     §   of the State of Delaware
                              §
STATE OF DELAWARE,      §   Cr. ID No. 30206697DI
                              §
    Appellee.          §

Submitted: June 9, 2022
Decided: July 8, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On May 13, 2022, the appellant, Jonathan Wonnum, filed a notice of appeal from a Superior Court order, dated March 7, 2022 and docketed on March 15, 2022, denying his third motion for postconviction relief. A timely notice of appeal was due on or before April 14, 2022.[1] The Senior Court Clerk issued a notice directing Wonnum to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

---

[1] *See* Del. Supr. Ct. R. 6(a)(iv) (providing that a notice of appeal must be filed "[w]ithin 30 after entry upon the docket of a judgment or order in any proceeding for postconviction relief").

(2)     In his response to the notice to show cause, Wonnum states that he never received a copy of the Superior Court order denying his motion for postconviction relief and that he only received notice that the court had denied his motion when he received a copy of the court's docket on April 21, 2022. At the request of the Court, the State also filed a response to the notice to show cause. The State acknowledges that Wonnum's prison mail log reflects that he did not receive notice of the Superior Court's order dismissing his motion for postconviction relief until April 21, 2022 and, therefore, the record supports a finding that Wonnum's untimely filing of the notice of appeal is attributable to court-related personnel. The State suggests that the Court therefore discharge the notice to show cause.

(3)     We agree that the prison mail log supports Wonnum's claim that his failure to file a timely notice of appeal is attributable to court-related personnel. And we note that, after filing the notice of appeal, Wonnum wrote to the Court and requested a copy of the Superior Court's order. Because it appears that Wonnum did not have a copy of the Superior Court's order—only notice of the Superior Court's denial of the motion—when he filed the notice of appeal, we conclude that the proper course of action is to remand this matter to the Superior Court. Upon remand, the Superior Court shall re-issue the March 7, 2022 order, thereby enabling Wonnum to file a timely notice of appeal and appropriately tailor his arguments on appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that this matter is REMANDED to the Superior Court for further action in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice